IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEAN ELIZABETH COULTER, BARBARA ELLEN COULTER (VALVANO),<br><br>Plaintiffs,<br><br>v.<br><br>JAMES PURVIS COULTER, GERRI PAULISICK, JOSEPH PAULISICK, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, UNKNOWN SURVEYOR,<br><br>Defendants. | 2:21-CV-00861-CCW |

**MEMORANDUM ORDER**

This case has been referred to Chief United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

On March 31, 2022, the Magistrate Judge issued a Report, ECF No. 51, recommending that the case be dismissed for lack of subject matter jurisdiction and that Defendant James P. Coulter's Motion to Dismiss, ECF No. 28, and Defendants Gerry and Joseph Paulisick's Motion to Dismiss the First Amended Complaint, ECF No. 30, be granted. Service of the Report and Recommendation was made on the parties, and pro se Plaintiff Jean Elizabeth Coulter filed objections concurrently with a motion for recusal of the Magistrate Judge and the undersigned and for transfer to a different court outside of the Third Circuit. ECF Nos. 52 & 53.

After a *de novo* review of the pleadings and documents in the case, together with the Report and Recommendation and the Objections thereto, the Court adopts the conclusions in the Magistrate's Report and Recommendation, that the case be dismissed for lack of subject matter jurisdiction and that Defendants' motions to dismiss at ECF Nos. 28 and 30 be granted, though we reach the same conclusion by an alternate path than that articulated in the R&R, as follows.

The R&R found that Ms. Coulter has not demonstrated by a preponderance of the evidence any material difference in her domicile between July 27, 2015 (the date she initiated the civil action *Coulter v. Coulter*, 2:15-cv-957 where she was found to be domiciled in Pennsylvania) and the date that she began her current lawsuit. ECF No. 51 at 8 ("Plaintiff has provided no new information about what steps she took between 2015 and 2020 to establish a domicile in New Jersey. Plaintiff Coulter physically remains in Pennsylvania and utilizes her Philadelphia P.O. Box."). Thus, the R&R recommended that this case be dismissed for lack of subject matter jurisdiction. *Id.*

Ms. Coulter's Objections to the R&R, however, focus on a 2016 case—*Coulter v. Paul Laurence Dunbar Community Center et al.*, 2:16-cv-00125-AJS—to support her assertion that she is "<u>not</u> a citizen of Pennsylvania."[1] ECF No. 52 at 5 (emphasis original). In that case, the Honorable Arthur J. Schwab of this District issued a text order dated May 24, 2017 stating that "the District Court has considered whether it had diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) as of the filing of Plaintiff's Complaint…. Based upon the record, the Court finds that it does have diversity jurisdiction…." *Coulter v. Paul Laurence Dunbar Community Center et al.*, 2:16-cv-00125-AJS, ECF No. 51. That order did not address the prior rulings in this District

[1] The R&R only cites *Coulter v. Paul Laurence Dunbar Community Center et al.* for the fact that Ms. Coulter has used her Butler, Pennsylvania address in ongoing litigation, including up until 2021. *See* ECF No. 51 at 7 n. 4.

finding that Ms. Coulter was domiciled in Pennsylvania and discussing whether Ms. Coulter had "produce[d] a preponderance of evidence sufficient to meet that burden of proof and overcome the presumption of her Pennsylvania domicile." *Coulter v. Coulter*, 715 F. App'x 158, 160–61 (3d Cir. 2017).

The day after Judge Schwab's order, on May 25, 2017, in another case—*Coulter v. Tatananni et al.*, 2:17-cv-00629 which was filed by Ms. Coulter after *Coulter v. Paul Laurence Dunbar Community Center et al.*—the presiding United States Magistrate Judge issued an order to show cause why the case should not be dismissed for lack of jurisdiction. In that case, the court took judicial notice of the fact that Ms. Coulter "has lately adopted the practice of claiming to be a 'resident of New Jersey' in an attempt to satisfy diversity of citizenship when she sues Pennsylvania defendants," and, as is the case here, that Ms. Coulter did "not identify an address in New Jersey, but she [did] provide a mailing address in Pennsylvania." *Coulter v. Tatananni*, Civil Action No. 17-629, 2017 U.S. Dist. LEXIS 102900, at *7–8 (W.D. Pa. June 30, 2017) (Mitchell, M.J.), *report and recommendation affirmed by*, 2017 U.S. Dist. LEXIS 140038 (W.D. Pa. Aug. 30, 2017). The court found that in "many previous cases, [Ms. Coulter] identified Pennsylvania as her place of residence," which "create[d] a presumption that she remains at this established domicile, a presumption which she has not rebutted." *Id.* Ms. Coulter appealed the dismissal, and the Third Circuit affirmed on alternate grounds, concluding that Ms. Coulter "did not attempt to meet her burden of production after questions concerning putative diversity jurisdiction were raised." *Coulter v. Tatananni*, 737 F. App'x 613, 616 (3d Cir. 2018). The Third Circuit found that Ms. Coulter failed to directly respond "to the aspect of the Magistrate Judge's show cause order related to diversity jurisdiction" and her objections "failed to provide sufficient facts to establish citizenship **in any state**." *Id.* (emphasis added).

The Third Circuit characterized Ms. Coulter as a "present[ing] herself as a rolling stone," who refused to provide a home address and was "again considering re-locating." *Id.* n.7 (noting that Ms. Coulter "pontificates" as to how "she was (1) 'find[ing] herself often in the area of Washington, D.C.,' (2) being 'pull[ed]' by her 'connections' to the 'Northern part of New Jersey,' and (3) not discounting possible citizenship in Illinois."). In analyzing her allegations, the Third Circuit reminded Ms. Coulter that, to the extent she "seeks entry into federal court on the basis of diversity jurisdiction, [she] must <u>in each case</u> allege and ultimately establish, inter alia, her 'physical presence in a state with an intent to remain there indefinitely.'" *Id.* (citing *Frett-Smith v. Vanterpool*, 511 F.3d 396, 401 (3d Cir. 2008)) (emphasis original). Thus, as of April 13, 2017—the day on which Ms. Coulter filed *Coulter v. Tatananni et al.*, 2:17-cv-00629—Ms. Coulter did not provide sufficient facts to determine her citizenship in any state.

In light of the long history of cases in this District finding that Ms. Coulter is a Pennsylvania domiciliary and the fact that Judge Schwab's order in *Coulter v. Paul Laurence Dunbar Community Center et al.* did not address the prior presumption that Ms. Coulter is a Pennsylvania domiciliary, the Court turns to whether Ms. Coulter has, in this case, provided sufficient facts to determine her citizenship.

"Citizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" *McCann v. George W. Newman Irrevocable Tr.*, 458 F.3d 281 (3d Cir. 2006) (citing *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)). Courts consider several factors in determining an individual's domicile, including "declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business[,].... location of brokerage

and bank accounts, location of spouse and family, membership in unions and other organizations, and driver's license and vehicle registration." *Id.* (internal citations and quotations omitted).

Like her objections in *Coulter v. Tatananni*, here, Ms. Coulter's affidavit in support of diversity jurisdiction also presents her "as a rolling stone." *Coulter v. Tatananni*, 737 F. App'x 613, 616 (3d Cir. 2018). Ms. Coulter's affidavit recounts many events in her life sequentially and starts with her time in Massachusetts in 1987, after which she moved to Western Pennsylvania with her mother, and then continued on to Arizona, Southern California, Seattle, St. Louis, Denver, and San Francisco in search for "a city where she could happily make a permanent home." ECF No. 52 at 10–11.[2] Ms. Coulter then describes her time in Illinois, which ended when she "had to temporarily move to help [Ms.] Coulter's elderly mother" in Western Pennsylvania at some point prior to 2004.[3] *Id.* Next, Ms. Coulter then outlines her time in Pennsylvania, after which she "eventually" "considered where she should live once again." *Id.* at 19 (emphasis original). Ms. Coulter "decided to make, what she believed then (and still believes) will be her last move - to a 'domicile'… in New Jersey." *Id.* In doing so, Ms. Coulter admits that she "has, for many reasons, not chosen a final, specific address where she believes that she will someday be found dead on the floor by the meter reader…." *Id.* at 19–20.

Next, Ms. Coulter describes how she was "trapped" at the beginning of the COVID-19 pandemic in Western Pennsylvania in an extended-stay rental, and then transitioned to another extended stay rental in Akron, Ohio in September, 2020. *Id.* at 20–21. Ms. Coulter admits to not

---

[2] Ms. Coulter submitted the same affidavit at ECF No. 26 and as part of her motions for recusal and Objections at ECF No. 52.

[3] It is not clear from the affidavit when Ms. Coulter moved to Pennsylvania, however, it appears that Ms. Coulter's alleged "temporary move" to Pennsylvania took place some years prior to her mother's passing in 2004. *See* ECF No. 52 at 14–17.

having a residence in New Jersey as of September 2020. *Id.* at 21; *see also*, ECF No. 39 at 6. Specifically, she acknowledges being unable to "load up a rental car with her belongings, drive to a location in the region of her 'domicile' in New Jersey and get into a unit in one of the *extended stay hotels in that region*…." *Id.* (emphasis added). Ms. Coulter's more recent filings in this case, including on October 27, 2021, further concede that Plaintiff "has not had even a 'semi-permanent' home in more than a year and a half" due to the pandemic. ECF No. 39 at 4–5. For their part, Defendants point to recent and consistent court filings by Ms. Coulter, many in 2021, identifying her address as 620 Butler Crossing #4,[4] PMB 172, Butler, PA 16001. In addition, Ms. Coulter has used the Butler, PA address for certain filings in this case. *See* ECF No. 29 at 2, 7; ECF No. 29-1; ECF No. 31 at 4–5; *see also* ECF No. 23-1.

Ms. Coulter's affidavit does include some ties to New Jersey, notably that she has paid taxes in New Jersey and has doctors in New Jersey. *See* ECF No. 52 at 22.[5] However, Ms. Coulter does not know if she is still registered to vote in New Jersey (and admits to not having voted in the last presidential election), and states that one of her two phone numbers is a 412 area code, which covers parts of Pittsburgh. Although Ms. Coulter alleges that she has a New Jersey driver's license, she acknowledges that the address listed on her driver's license is her Philadelphia P.O. Box and

---

[4] It is unclear to the Court if the apartment number is #3 or #4, *see* ECF No. 29 at 2, 7, but this discrepancy does not change the analysis that Ms. Coulter is currently using a fixed Pennsylvania address in certain filings for ongoing litigation.

[5] Previously, the Honorable Cathy Bissoon of this District found these types of ties "inapposite" because they "do not contradict Plaintiff's clear assertion that she is a resident of the greater-Philadelphia area." *Coulter v. Coulter*, 2016 U.S. Dist. LEXIS 54103, at *4 n.3 (W.D. Pa., Apr. 22, 2016) (Bissoon, J.), *affirmed by*, 715 F. App'x 158 (3d Cir. 2017) (finding that the fact that Ms. Coulter's "driver's license, health insurance and library cards were issued by, and/or are affiliated with, New Jersey is inapposite, as is her allegedly paying income taxes there[,]" because "[t]hese incidents do not contradict Plaintiff's clear assertion that she is a resident of the greater-Philadelphia area; that her residency on the '[east] side of the river' is, under her own reasoning, happenstance; and that her clear and unequivocal intention is to vacate her current residence, thereby defeating any suggestion of permanency.")

that the license "does not identify even the approximate location of Coulter's actual residence." ECF No. 52 at 8.

Ms. Coulter's affidavit asserts that although Ms. Coulter does not have a "final, specific address where she believes that she will someday be found dead on the floor by the meter reader," she "has consistently found herself 'home' in what might be considered the Eastern Suburbs of Philadelphia." ECF No. 52 at 19–20. Ms. Coulter considers "New Jersey to be made of up of the Philadelphia region, the New York City region – and the area in between those two regions, the middle of New Jersey." ECF No. 52 at 20. Judge Bisson previously rejected this argument, finding that "[Ms. Coulter's] explanations regarding the geographic fluidity of the greater-Philadelphia area do not establish, by a preponderance of the evidence, that she is domiciled in New Jersey." *See Coulter v. Coulter*, 2016 U.S. Dist. LEXIS 54103, at *2–3 (W.D. Pa., Apr. 22, 2016) (Bissoon, J.), *affirmed by*, 715 F. App'x 158 (3d Cir. 2017).

Finally, in her Objections to the R&R here, Ms. Coulter changes tune and argues that Illinois is her domicile, *see* ECF No. 52 at 5 ("Judge Schwab… found that Coulter is not a Citizen of Pennsylvania - just as Coulter has argued in the Instant Matter. In fact, as Coulter has proven … approximately 30 years ago, Coulter moved to Illinois. with the expressed intention of making Illinois (specifically, 'Chicagoland') her permanent place of residence…" (emphasis original)). Ms. Coulter's assertion that Illinois is her domicile contrasts starkly to her arguments in front of the Magistrate Judge, which were related to New Jersey being considered her "home area." ECF No. 39 at 5.

The Court has considered: Ms. Coulter's inconsistencies as to whether her domicile is Illinois or New Jersey; her admissions to having been away from New Jersey since at least early 2020 and having no place to return in New Jersey, ECF No. 52 at 21 (admitting that she would

need "a unit in one of the extend stay hotels in [the New Jersey] region"); her consistent use of her Butler, Pennsylvania address and/or her Philadelphia P.O. Box in both prior and current lawsuits in this District; and her limited ties to New Jersey (taxes, doctors, one phone number, and a driver's license with a Pennsylvania P.O. box address). Even if the presumption in favor of her continued-domicile in Pennsylvania is no longer applicable due to Judge Schwab's May 24, 2017 order in *Coulter v. Paul Laurence Dunbar Community Center et al*. determining that he had diversity jurisdiction, the Court finds that Ms. Coulter has not met her burden of persuasion as the proponent of federal subject-matter jurisdiction or provided sufficient facts to establish citizenship in **any** state.

Accordingly, **IT IS HEREBY ORDERED** that the case is dismissed for lack of subject matter jurisdiction and that Defendant James P. Coulter's Motion to Dismiss, ECF No. 28, and Defendants Gerry and Joseph Paulisick's Motion to Dismiss the First Amended Complaint, ECF No. 30, are **HEREBY GRANTED**.

IT IS SO ORDERED.

DATED this 10th day of May, 2022.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc :

The Honorable Cynthia Reed Eddy
Chief Magistrate Judge

Jean Elizabeth Coulter
P.O. Box 8094
City of Philadelphia, PA 19101

Barbara Ellen Coulter (Valvano)
1906 Wychwood Drive
Austin, TX 78746

All Counsel of Record via CM/ECF